## HUNTINGTON BEARD, RESPONDENT, *v.* JAMES ROOT, APPELLANT.

*Promissory note — what amounts to an extension of time of payment of — Indorser — discharge of.*

In this action brought against the defendant as indorser of a promissory note, the defense was interposed that the plaintiff, after the maturity of the note, had, by an agreement with the maker, extended the time of payment without defendant's consent. By the agreement, the maker of the note assigned to the plaintiff a bond and mortgage for $600, having six months to run, upon which the plaintiff advanced $100; the agreement providing that from the proceeds of the mortgage he was to retain the $100 with interest, the amount of the note, and enough to make up the sum of $525; that if, before the maturity of the mortgage, the maker of the note should repay the $100 with interest, together with the amount of the note, then thirty dollars should be deducted from the amount to be retained from the proceeds of the mortgage. *Held*, that the agreement operated to extend the time of payment of the note until the maturity of the mortgage, and that the defendant was discharged thereby.

APPEAL from an order made at Special Term, directing judgment for the plaintiff upon a verdict, and denying a motion for a new trial. The action was brought against the defendant as indorser of a promissory note for $226.25.

The defendant claimed that he was discharged from all liability upon the note by an agreement entered into between the maker thereof and the plaintiff, after its maturity, by which the time of payment was extended. The evidence of the agreement was the following receipt given upon the assignment of a mortgage by the maker to the plaintiff:

" I have this day received the assignment of a bond and mortgage, executed by Elijah Eason to Wm. Brown, dated July 25, 1871, for the sum of ($600) six hundred dollars and interest, payable six months from date, upon which I have this day advanced him ($100) one hundred dollars, and I also hold his promissory note for an amount I am not now able to determine, but it is between two and three hundred dollars. Now, if the said Brown shall pay me the amount of the said note and cash advanced, with interest thereon, before said mortgage becomes due, I am to discount to him the sum of thirty dollars from the amount he is to deduct on the mortgage, and if he does not pay the same before due, then the assignment to be absolute for the sum of $525. The balance due on said mortgage to be paid to said Brown when the mortgage is due and collected.

" *August* 11, 1871.

" HUNTINGTON BEARD."

*Geo. F. Kennedy*, for the appellant.

*L. C. Gardner*, for the respondent.

E. DARWIN SMITH, J. :

The offer of the defendant's counsel to show that the arrangement made by the plaintiff with Brown, the maker of the said promissory note, was made without the knowledge or consent of the defendant, I think was improperly overruled. The arrangement referred to, embraced in the assignment of the $600 bond and mortgage and the receipt therefor, was a contract, as held by the judge, and involved upon the face of the transaction an extension of time for the payment of said note during the period the said bond and mortgage had to run before maturity. The note was then past due, and an extension of the time for the payment thereof without the consent of the indorser, would discharge such indorser. It was, therefore, the right of the defendant to make this proof, if he was able to do so. It is doubtless true that the mere taking of collateral security for a debt, without an agreement to extend the time of payment, does not discharge a surety. (*Bank of Utica* v. *Ives*, 17 Wend., 502; *Van Etten* v. *Troudden*, 3 N. Y. S. C., 604; *Cary* v. *White*, 52 id., 144.) But it is not necessary

that the agreement to extend the time of payment be in express terms.

The contract in this case unavoidably, and by clear implication, includes such an agreement. The debtor sells and assigns to his creditor a bond and mortgage for $600, having six months to run, for the consideration of $525, and interest on the mortgage which was paid and to be paid, as follows: $100 in cash was paid in hand, and the note, amounting to the sum of $241.78, making $341.78. In addition to this sum, the defendant, on the payment of the bond and mortgage, was to retain from the proceeds thereof an amount sufficient to make up the sum of $525, and pay the balance to the said debtor, with the condition therein contained, that if said Brown should pay the amount of said note and the cash advanced, before the said mortgage became due, the sum of thirty dollars was to be deducted from the amount the plaintiff was otherwise entitled to receive out of said mortgage. In other words, if Brown should pay the cash advanced and the amount of said note, he might redeem said mortgage by the payment of $495, these sums included, instead of the said sum of $525.

The arrangement provided for the payment of said note, absolutely, if not immediately, by the assignment of said bond and mortgage, out of the proceeds of said bond and mortgage, and implied a necessary extension of the time of payment thereof till the maturity of said bond and mortgage. The assignment of the bond and mortgage was absolute, with a condition in favor of Brown, allowing him to redeem the same. If he did not redeem, the plaintiff was entitled, by the contract, to retain the said sum of $525 out of the proceeds of said bond and mortgage. This was not the mere taking of collateral security for the payment of the note. It was, on the contrary, an agreement providing for the payment of said note at the expiration of six months, and paying the plaintiff, for such extension of time, a bonus of $183 besides interest; and, in any event, in case Brown redeemed the mortgage, a bonus of $153.22. In this way the plaintiff was paid, or agreed to be paid, a very large bonus for the extension of the time for the payment of said note. He could not have sued this note during the period of six months, if he was entitled to retain it; and if the defendant had applied to him to pay the same, he could not have

transferred to him the said note, with a right to immediately enforce payment thereof.

This is precisely the case stated in the opinion of Judge ALLEN, in *Cary* v. *White* (*supra*), where he says: "If the legal implication is that by taking of collateral security, payable in future, the creditor agrees to forbear to sue upon the original indebtedness for a time, then, in all cases, sureties would be discharged."

It was error, I think, to deny the motion for a new trial. The order denying such motion should, therefore, be reversed, and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., and SMITH, J.

Order reversed and new trial granted, costs to abide event.